BAY RIDGE REFORMED (DUTCH) CHURCH v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. April 10, 1914.)

WATERS AND WATER COURSES (§ 203*)—WATERWORKS—WATER RENT.

 Where a church used public water for the operation of its pipe organ at the time of the enactment of Laws 1907, c. 135, §§ 1, 2, providing that property owned by any religious corporation and actually used as a place of worship shall be exempt from payment for water taken from the city of New York, and that water shall be supplied in sufficient quantities for all purposes for which it was then used, the city cannot collect for the water used in the operation of the pipe organ.

 [Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 289, 290–299; Dec. Dig. § 203.*]

Submission of a controversy between the Bay Ridge Reformed (Dutch) Church and the City of New York, under Code Civ. Proc. § 1280. Judgment for plaintiff.

Argued before JENKS, P. J., and BURR, CARR, RICH, and STAPLETON, JJ.

Wilson E. Tipple, of New York City, for plaintiff.

William R. Wilson, of New York City (Curtis A. Peters, of New York City, on the brief), for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

RICH, J.   In 1887 a statute was enacted and became operative, having for its purpose the exemption of certain institutions in New York City from taxation or charge for water furnished such institutions by said city.   From time to time thereafter this statute was amended and its scope extended to other institutions.   In 1907 religious corporations were included, and as to them the statute thereafter provided:

"The real estate owned by any religious corporation located in the city of New York as now constituted, actually dedicated and used by such corporation exclusively as a place of public worship, are hereby exempted from the payment of any sum of money whatever to said city, for the use of water taken by same from said city, and water shall be supplied to the same by said city, in sufficient quantity for all purposes for which it is now used by said corporations, * * * or which may be necessary to be used by the same, free of all charge whatsoever, and * * * the real estate owned by any religious corporation located in the city of New York, as now constituted, actually dedicated and used by such corporation exclusively as a place of public worship, is hereby released, discharged and exempted from all lien and charge for water heretofore used or which may hereafter be used by any such * * * corporation. * * * The real estate owned by any religious corporation located in the city of New York, as now constituted, actually dedicated and used by such corporation exclusively as a place of public worship, shall be and hereby is declared discharged and exempt from all assessment laid or made for use of water and sales thereunder, and from all such assessments hereafter, so long as the same shall be owned * * * by any such corporation, * * * and used for the purposes herein mentioned." Sections 1 and 2, c. 135, Laws 1907.

The plaintiff is a religious corporation, incorporated June 2, 1896, occupying a church edifice dedicated and in actual use as a place of public worship, exclusively, and it was so used when the statute was enacted, and has been so used continuously since.   At the time of the enactment of this statute, a church organ, operated by water, was used in the church edifice, exclusively in the public religious services and in public worship as part of such service, and it has been so used since that time.   For many years prior to 1907, the defendant, the city, through its department of water supply, gas, and electricity, furnished to the plaintiff water for use in said church building for all purposes, including the operation of the organ, such water being delivered through two meters, one of which registered the water used for the operation of the organ, and the other that used for other purposes, so that at the time the statute went into effect the church organ was in use, and the water furnished by the city was being used in part for its operation.

The records of defendant's water department contain charges against the plaintiff for the water, which are apparently valid upon their face and constitute an apparent lien upon the plaintiff's real property, its church edifice, and constitute a cloud upon its title.

Upon the facts stated, the parties submit the single question whether the statute exempts the plaintiff from the payment of a water tax for water used in its church building, for the operation of its organ. It must be answered in the affirmative.   Water was being furnished by the defendant to the plaintiff in its church building for all of its uses, including that used to operate its organ, when the statute be-

came operative. The statute in express terms obligates the defendant city to furnish water in sufficient quantity for "all purposes for which it is now used * * * free of all charge whatsoever," and exempts plaintiff, and its church property, from any charge or tax for water thereafter furnished and used for such purposes. The legislative intent, which is the guide to statutory construction, is plainly expressed by the language used (which is to be given its usual meaning), and requires the defendant city to furnish water "in sufficient quantity for all purposes for which it is now used" to all institutions and corporations entitled to the benefits of the statute "free of all charge whatsoever." The purpose for which water was being used at the time the statute was enacted does not affect the right to the exemption or determine whether an institution or corporation is entitled to it; it is sufficient that it was being used at the time, though I believe it was used as a part of the public worship. The exemption from payment applied to water then being used for "all" purposes, including the operation of plaintiff's church organ.

It follows that the judgment must be directed for the plaintiff, releasing, discharging, and exempting it from all liens and charges for water heretofore used or which may hereafter be used for the operation of its organ in its church edifice, and for the cancellation and discharge of the liens upon its real property, in accordance with the terms of the submission, without costs. All concur.